UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/8/2015
```

MARIANNE SPINELLI,

                              Plaintiff,                        13-CV-07112 (GBD)(SN)

                      -against-                        **OPINION AND ORDER**

CITY OF NEW YORK, LAW DEP'T, et al.,

                             Defendants.

-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

      By letter dated June 2, 2015, the *pro se* plaintiff Marianne Spinelli moves the Court to grant her request for *pro bono* counsel. For the reasons set forth below, the motion is denied without prejudice.

      A federal judge has "broad discretion" when deciding whether to appoint counsel to an indigent litigant. Hodge v. Police Officers, 802 F.2d 58, 60 (2d Cir. 1986). See Burgos v. Hopkins, 14 F.3d 787, 789 (2d Cir. 1994). "There is no requirement that an indigent litigant be appointed *pro bono* counsel in civil matters." Id. at 789; 28 U.S.C. § 1915(e).

      The factors to be considered in ruling on a motion for *pro bono* counsel are well settled and include "the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, [plaintiff's] efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989). Of these, "the factor which command[s] the most attention [is] the merits." Indeed:

> Courts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were

> brought to his or her attention. Nor do courts perform a socially justified function when they request the services of a volunteer lawyer for a meritless case that no lawyer would take were the plaintiff not indigent.

Id.

Here, the plaintiff filed this action, pursuant to Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, and the New York State Human Rights Law alleging that she was discriminated against because of her age by her employer, the New York City Law Department, and that her union, DC 37 Local 1549, failed to represent her. She initially requested *pro bono* counsel at the initial pretrial status conference, and then by application dated October 27, 2014. See ECF No. 68. On November 6, 2014, the Court denied her request and recommended the New York City Bar Association's Monday Night Law Program or that she seek out other local bar association programs that assist *pro se* litigants. See ECF No. 69. This is the plaintiff's third request, and second written application. The merits of the plaintiff's case, however, are still not so apparent as to warrant the appointment of counsel. Accordingly, the Court denies the plaintiff's application without prejudice.

To facilitate the plaintiff, however, the Court has attached the Office of *Pro Se* Litigation for the Southern District of New York Office's list of organizations that provide free legal assistance. The Court has no affiliation with these organizations, does not endorse any of them, and cannot guarantee that any of them will be able to represent the plaintiff.

The Clerk of Court is directed to terminate ECF docket entry 95.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   New York, New York
         June 8, 2015

2