UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

MARIANNE SPINELLI,

           Plaintiff,

    -against-

CITY OF NEW YORK, LAW DEPARTMENT;
MICHAEL A. CARDOZO; JENNY MONTANA-
O'CONNOR; JOHN ORCUTT; DC 37 LOCAL
1549; LILLIAN ROBERTS; and JUSTIN
ROBERTS,

           Defendants.

------------------------------------- x

MEMORANDUM DECISION
AND ORDER

13 Civ. 7112 (GBD) (SN)

GEORGE B. DANIELS, United States District Judge:

*Pro se* Plaintiff Marianne Spinelli brought this action for employment discrimination under the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA"), and the New York State Human Rights Law, N.Y. Exec. Law § 290, *et seq.* ("NYSHRL"); and for violations of the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* ("FMLA"). (Am. Compl., (ECF No. 39).)[1] Plaintiff alleged that her former employer, Defendant City of New York, Law Department, and its managerial employees, Defendants Jenny Montana-O'Connor and John Orcutt, discriminated against her because of her age and interfered with and retaliated against her exercise of FMLA rights. She asserted age discrimination and hostile work environment claims against the Law Department and Montana-O'Connor, and FMLA interference and retaliation claims against the Law Department and Orcutt. Plaintiff was 67 when she joined the Law Department in December 2008, and she resigned in September 2013.

---

[1] This Court dismissed other claims and defendants in a September 24, 2014 Order. (ECF. No. 62.)

The Defendants moved for summary judgment on all claims pursuant to Rule 56 of the Federal Rules of Civil Procedure. (ECF No. 140.) Before this Court is Magistrate Judge Sarah Netburn's August 30, 2016 Report and Recommendation ("Report," (ECF No. 208)), recommending that Defendants' motion for summary judgment be granted as to Plaintiff's ADEA claims, FMLA claims, and NYSHRL hostile work environment claim, but denied as to Plaintiff's NYSHRL age discrimination claim.[2] (Report, at 2.) This Court adopts those recommendations.

## I. LEGAL STANDARD

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth within a magistrate judge's report. 28 U.S.C. § 636(b)(1). The Court must review *de novo* the portions of a magistrate judge's report to which a party properly objects. *Id.* Portions of a magistrate judge's report to which no or merely perfunctory objections have been made are reviewed for clear error. *See Edwards v. Fischer,* 414 F. Supp. 2d 342, 346-47 (S.D.N.Y. 2006). Clear error is present only when "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *Brown v. Cunningham*, No. 14-CV-3515, 2015 WL 3536615, at *4 (S.D.N.Y. June 4, 2015) (internal citations omitted).

Magistrate Judge Netburn advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (Report, at 37.) Defendants filed timely objections to the Report. (Defendants' Objections to the Report and Recommendation ("Def.'s Obj."), (ECF No. 212).) There is no clear error on the face of the record as to those portions of the report to which no objections were made. This Court has considered the issues raised in the Defendants' objections and reviews *de novo* the objected-to portions of the Report.

---

[2] The relevant procedural and factual background is set forth in greater detail in the Report, and is incorporated herein.

Summary judgment is appropriate where the record establishes that there is no "genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute as to a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining whether a fact is genuinely disputed, the district court "is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments." *Weyant v. Okst*, 101 F.3d 845, 854 (2d Cir. 1996).

*Pro se* submissions are read liberally and interpreted to "raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F. 3d 787, 790 (2d Cir. 1994). However, "[p]roceeding *pro se* does not otherwise relieve a litigant of the usual requirements of summary judgment, and a *pro se* party's bald assertions unsupported by evidence, are insufficient to overcome a motion for summary judgment." *Rodriguez v. Hahn*, 209 F. Supp. 2d 344, 348 (S.D.N.Y. 2002) (internal citation omitted).

## II.  ADEA, FMLA, AND NYSHRL HOSTILE WORK ENVIRONMENT CLAIMS

Neither party objected to the Report's recommendations to grant summary judgment to Defendants on Plaintiff's ADEA, FMLA, and NYSHRL hostile work environment claims. Having found no clear error, this Court accepts those recommendations.

Judge Netburn properly found that Spinelli cannot make a *prima facie* case for FMLA interference because her leave was granted and fully exhausted. (Report, at 34.) In addition, the factual record does not support Spinelli's claim of FMLA retaliation. (*Id.* at 35-36.)

Judge Netburn also properly found that Spinelli's ADEA age discrimination and ADEA hostile work environment claims are time-barred because she received her right-to-sue letter on

June 30, 2013, but did not file a complaint until October 7, 2013, seven days after the September 30, 2013 deadline. (*Id.* at 16.) Further, Judge Netburn correctly found that no equitable considerations justify an extension of that deadline, and that Spinelli has not proven any cognizable damages under the ADEA. (*Id.* at 16-18.)

Although Spinelli's NYSHRL hostile work environment claim was not time-barred, Judge Netburn properly found that no jury could conclude that Spinelli suffered a hostile work environment because of her age. (*Id.* at 31-33.) For the reasons provided in the Report, the instances of harassment cited by Spinelli were not "sufficiently severe or pervasive to cause a hostile environment." *Brown v. Coach Stores, Inc.*, 163 F.3d 706, 713 (2d Cir. 1998).

### III. NYSHRL AGE DISCRIMINATION CLAIM

The NYSHRL prohibits employers from discriminating against employees 18 years or older on the basis of age. N.Y. Exec. Law § 296. To establish a *prima facie* case of age discrimination, a plaintiff must show that: (1) she is a member of the protected class; (2) she was qualified for the position; (3) she suffered an adverse employment action; and (4) the adverse action took place under circumstances giving rise to an inference of age discrimination. *Ruiz v. Cnty. of Rockland,* 609 F.3d 486, 491-92 (2d Cir. 2010). On a motion for summary judgment, after the plaintiff meets the first three elements, the burden shifts to Defendants to provide a non-discriminatory reason for the adverse employment action. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 106 (2d Cir. 2010).

Defendants concede that Spinelli met the first two elements because she was over the age of 18 and was qualified for her position. (Report, at 20-21.) However, Defendants object to the

4

Report's findings on the basis that Spinelli has not shown a materially adverse employment action, nor has she shown that her age played any role in the alleged adverse actions.[3]

A plaintiff sustains an "adverse employment action" if she endures a "materially adverse change" in the terms and conditions of employment. *Bermudez v. City of N.Y.*, 783 F. Supp. 2d 560, 576 (S.D.N.Y. 2011). Examples of a materially adverse change include the "termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices . . . unique to a particular situation." *Id.* (internal citations omitted).

Spinelli argues that she experienced two adverse employment actions. First, she argues that her September 2013 resignation was a "constructive discharge" because she believed she was going to be fired because of her age. The record shows that approximately one week before Spinelli resigned, she was informed by the Law Department's Chief of Labor and Employment Law, Eric Eichenholtz, that the Department was considering possible disciplinary charges against her. However, Eichenholtz denied that the Department intended to fire her, and he informed her of possible avenues for seeking redress. (Report, at 13, 22.) As such, Spinelli has not shown that she was forced into involuntary resignation. *See Silverman v. City of N.Y.*, 216 F. Supp. 2d 108, 115 (E.D.N.Y. 2002), *aff'd*, 64 F. App'x 799 (2d Cir. 2003).

Second, Spinelli argues that she experienced adverse employment action through diminished work responsibilities. The Second Circuit has found that diminished work responsibilities may constitute adverse employment action where "it results in a change in

---

[3] Defendants also objected that Spinelli's responses to Defendants' Local Rule 56.1 factual statement should be deemed admissions. (Def.'s Obj., at 25.) However, because Spinelli appears *pro se*, this Court must read her submissions "liberally," construing them "to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994). As such, this objection is overruled.

responsibilities so significant as to constitute a setback to the plaintiff's career," *Galabya v. N.Y. City Bd. of Educ.*, 202 F.3d 636, 641 (2d Cir. 2000), or where an employee is given "profoundly different" responsibilities that represent "a severe professional ... trauma." *Rodriguez v. Bd. of Ed. of Eastchester Union Free Sch. Dist.*, 620 F.2d 362, 366 (2d Cir. 1980). A plaintiff may show an adverse employment action either where she is transferred to a new position with diminished work responsibilities, or where she retains the same position only in name. *See Brady v. Wal-Mart Stores, Inc.*, 531 F.3d 127, 134 (2d Cir. 2008) (finding that a transfer that resulted in a "less distinguished title" and "significantly diminished material responsibilities" could be adverse employment action even though plaintiff's wages or benefits were not affected); *Kessler v. Westchester Cty. Dep't of Soc. Servs.*, 461 F.3d 199, 209 (2d Cir. 2006) (finding a triable issue on the question of adverse action where plaintiff retained his title in name only and lost all job responsibilities after his transfer).

Judge Netburn correctly found that Spinelli provided enough evidence to show an adverse employment action through diminished responsibilities. According to the civil service guidelines, typical tasks of a Level 2 Paralegal Aide include: maintaining control of all relevant data and documentation pertaining to cases, arranging and overseeing service of legal papers, filing motions and support documents, preparing motions, interviewing clients, performing legal research, compiling reports, and collecting evidence. (Report, at 24; ECF No. 142-1, at 180-83.) Similarly, an April 2009 evaluation form stated that Spinelli's responsibilities included, among other tasks, "reviewing litigation files," "requesting agency documents," "participating in litigation review sessions with Law Department attorneys and supervisors," and "preparing discovery responses." (ECF No. 193-4, at 11-12.)

However, in April 2012, Spinelli's responsibilities shifted markedly to clerical tasks— answering phones, acting as a backup receptionist, and making folders, among other assignments.

6

(ECF No. 142-1, at 9.) Indeed, Montana-O'Connor conceded as much at the time, designating Spinelli as the office's "full-time receptionist" upon her April 2012 return to the Manhattan Borough Unit ("MBU"), and acknowledging that Spinelli was "primarily performing clerical tasks" as of July 2013. (ECF No. 193-3, at 5; ECF No. 142-1, at 158). Based on these facts and others cited in the Report, a jury could reasonably conclude that Spinelli's responsibilities were diminished in a way that constituted a setback to her career. As such, a genuine triable issue remains as to whether Spinelli experienced an "adverse employment action" under the NYSHRL.

The Report also properly concluded that Spinelli has met her *de minimis* burden of showing disparate treatment giving rise to an inference of discrimination. (Report, at 26.) A factfinder could determine that all the evidence taken together—in particular, Montana-O'Connor's two remarks about Spinelli's age (calling Spinelli "mature and responsible," and asking how long Spinelli could continue to work), Spinelli's demotion to a "full-time receptionist," and the evidence showing that Spinelli, the oldest paralegal in her division by more than ten years, was the only one treated in this manner—establishes disparate treatment on the basis of age.[4] (ECF No. 142-1, at 80-81, 105.)

Under *McDonnell Douglas*, because Spinelli has met her initial burden of proof, Defendants have the burden of providing a non-discriminatory reason for the adverse employment action.[5] Spinelli would then have the opportunity to prove that "the reasons offered by the

---

[4] Spinelli was born on February 26, 1941. (Am. Compl., (ECF No. 39-1), at 2.) As of April 2012 when she rejoined the MBU, she was 71 years old. At the time, there were 15 other paralegals in the MBU; two were between 50 and 60, five were between 40 and 50, and eight were under 40. (ECF No. 213-1, at 36; Report, at 4; ECF No. 193-2, at 10.)

[5] The Report makes two other findings to which neither party raised objections. First, Judge Netburn properly found that this Court should not consider Spinelli's breach of contract and disability discrimination claims because they were raised for the first time in her summary judgment opposition, and not included in her amended complaint. (Report, at 36.)

7

defendant were not its true reasons, but were a pretext for discrimination." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143 (2000) (internal quotation marks omitted).

Defendants argue that the Law Department had legitimate reasons for diminishing Spinelli's responsibilities. They allege that Spinelli "underachieved at MBU from 2008 to 2010 and continued to demonstrate that she was an unreliable employee who could not be trusted to complete her projects timely or correctly after she returned to the Law Department in 2011." (ECF No. 141, at 14.) As a result, Spinelli was assigned tasks "commensurate with her abilities as a Paralegal," including clerical tasks. (*See* Def.'s Obj., at 19.) In support, Defendants largely rely on affidavits from Spinelli's colleagues that were written in preparation for this litigation. Defendants also cite a March 2012 email from Montana-O'Connor in which she refers to Spinelli as a "marginal person" and a "so-so employee." (ECF No. 142-1, at 101.) In their objections to Judge Netburn's Report, Defendants produced additional evidence relating to Spinelli's performance prior to her April 2012 return to the MBU, including a May 6, 2009 evaluation in which Spinelli was rated "Unsatisfactory" overall. (ECF No. 213-1, at 2-4.)

However, the May 2009 evaluation is contradicted by other contemporaneous evidence—in particular, a 2009 performance evaluation from Michael Chadirjian, Spinelli's supervisor. (ECF No. 193-4, at 11-12.)[6] Chadirjian rated Spinelli as "Good" overall, describing her as a "refreshing addition" who had "a superlative work ethic" and "a genuine commitment to performing at her best." (*Id.*) He also stated that since Spinelli's last evaluation, "she worked diligently to enhance her command"

---

Second, Judge Netburn also correctly declined to consider Spinelli's May 24, 2016 opposition papers, as those papers were filed after Judge Netburn denied plaintiff's request to re-file her summary judgment opposition. (*Id.*; ECF No. 196.).

[6] In her letter response to the Defendant's Objections, Spinelli challenges the authenticity of the May 6, 2009 exhibit. (ECF No. 214.)

of her responsibilities and "made significant improvements in her overall performance." (*Id.*) Finally, Chadirjian encouraged Spinelli's supervisors to "assign her more complex and high-exposure matters to further enhance her professional development." (*Id.*) In a December 2009 email to Spinelli, Montana-O'Connor endorsed Chadirjian's positive review, telling Spinelli that "Mike and I stand by your evaluation" even after a Law Department employee told Spinelli her work "was not good enough." (*Id.*) Other performance evaluations from 2009 and 2010 indicate that Spinelli met or surpassed expectations. (*See* ECF No. 193-5.) In March 2010, Chadirjian rated Spinelli as "Outstanding" overall, described her as "an integral member of the intake litigation team," and said she had "flourished" since her last evaluation. (*Id.* at 8.)

As Judge Netburn properly concluded, Spinelli has provided enough evidence to create a triable issue of fact as to whether her age was the reason for her diminished responsibilities. A reasonable jury could find that Spinelli was effectively demoted on the basis of her age and that Defendants' explanation was mere pretext. (Report, at 29-30.) Accordingly, Defendants' motion for summary judgment as to Plaintiff's NYSHRL age discrimination claim is denied.[7]

---

[7] A district court can decline to exercise supplemental jurisdiction over a state law claim if it has "dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). As a general principle, if "federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *Castellano v. Bd. of Trustees*, 937 F.2d 752, 758 (2d Cir. 1991) (internal citation omitted). Nonetheless, if "the dismissal of the federal claim occurs late in the action, after there has been substantial expenditure in time, effort, and money in preparing the dependent claims, knocking them down with a belated rejection of supplemental jurisdiction may not be fair" or "by any means necessary." *Purgess v. Sharrock*, 33 F.3d 134, 138 (2d Cir. 1994) (internal citation omitted). The present case has been on the federal docket since October 2013. Because this Court and the parties have spent significant time and resources on this case, "the values of judicial economy, convenience, fairness, and comity" lead this Court to retain supplemental jurisdiction over the NYSHRL age discrimination claim. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).

## IV. CONCLUSION

Magistrate Judge Netburn's Report and Recommendation is adopted. The Defendants' motion for summary judgment is GRANTED as to Plaintiff's claims under the ADEA and FMLA and as to Plaintiff's NYSHRL hostile work environment claim. The Defendants' motion for summary judgment is DENIED as to Plaintiff's NYSHRL age discrimination claim.

The Clerk of Court is directed to close the motion at ECF No. 140.

Dated: New York, New York

      September 28, 2016

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge